## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**FRANKLIN LEROY HOWELL II**                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 4:12CV-P29-M**

**McCLEAN COUNTY COURTS** *et al.*                                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Franklin Leroy Howell II, initiated this *pro se* civil action under 42 U.S.C.

§ 1983 on February 22, 2012.  He also filed an application to proceed without prepayment of

fees.  Because Plaintiff's application did not include a certified copy of his prison trust account

statement, the Clerk of Court issued a deficiency to Plaintiff on February 22, 2012, directing him

to file a certified copy of his prison trust account statement within 30 days.  Plaintiff failed to

respond to the notice of deficiency.

On April 23, 2012, the Court entered an Order directing Plaintiff to file a certified copy

of his prison trust account statement within 28 days.  On May 3, 2012, that mailing was returned

by the United States Postal Service marked "Return to Sender, Not Deliverable as Addressed,

Unable to Forward."  Plaintiff has not advised the Court of a change of address.

Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court

advised of his current address and to actively litigate his claims.  *See* LR 5.2(d) ("All pro se

litigants must provide written notice of a change of address to the Clerk and to the opposing

party or the opposing party's counsel.  Failure to notify the Clerk of an address change may

result in the dismissal of the litigant's case or other appropriate sanctions.").  Because Plaintiff

has not advised the Court of a change of address, neither notices from this Court nor filings by

Defendants in this action can be served on Plaintiff.  In such situations, courts have an inherent

power "acting on their own initiative, to clear their calendars of cases that have remained

dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecution

of this case, the Court will dismiss the case by separate Order.

Date:   May 25, 2012

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
4414.010

2